# EXHIBIT 4



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
Washington, D.C. 20460

OFFICE OF
GENERAL COUNSEL

February 24, 2023

Mr. Mike Howell
The Heritage Foundation
214 Massachusetts Ave NE
Washington, DC 20002

**Re: Freedom of Information Act Request – EPA-2023-002610**
   **Expedited Processing Determination**

Dear Mr. Howell:

This letter concerns the above-referenced Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency (EPA), National FOIA Office (NFO) on February 23, 2023 in which you are seeking the following records: "Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing FOIA regulations of the Environmental Protection Agency ("EPA"), 40 CFR Ch. 1, Subch. A, Pt. 2, Subpt. A, I seek respectfully records to learn more about the EPA's role relating to the train derailment which took place in East Palestine, Ohio, on February 3, which resulted in the release of toxic chemicals, notably, vinyl chloride, and following events and the Federal Government's response thereto ("the Incident"). Specially, I am requesting:

    1. All records regarding the Incident for which Administrator Michael S. Regan, Deputy Administrator Janet McCabe, Senior Advisor for Environmental Justice Robin Morris Collin, and Special Assistant to the Administrator John Lucey are custodian.
    2. All communications with Congress related to the Incident.
    3. All records related to the Incident and "risk communication" as that term is defined by the EPA.
    4. All communications with any state or local government employee relating to the Incident.
    5. All communications relating to the Incident with any employee of Norfolk Southern Railroad.
    6. All communications relating to the Incident sent from any FEMA employee to any Member of the press.
    7. All records relating to the Incident and "Trump."
    8. Records sufficient to show a timeline of all the events related to the train's derailment in East Palestine, including releases of any chemical substances caused by the accident, response actions taken to address various hazards presented by the derailment, and testing of air, water, or soil for contamination related to derailment.

9. Records sufficient to show all the chemical substances that were being transported on the train and their quantities.
10. Records sufficient to show who is overseeing the response to the Incident.
11. Records sufficient to show all the parties—and their jurisdiction—that the EPA has been coordinating with in responding to the derailment, in containing any pollutants, or in testing or monitoring pollutants in the environment.
12. Records related to the "controlled burn" undertaken in response to the Incident.
13. Records sufficient to show the results of any and all environmental testing on or around the Incident site and any detections above threshold levels.
14. Records sufficient to identify any person conducting water, soil, or air testing on or around the Incident site.
15. Records sufficient to show whether separate testing for potentially toxic residues attributable to the Incident is being performed on surfaces and soil in the area surrounding the chemical burn.
a. If yes, records sufficient to show what types of tests are being used for this purpose.
b. Records sufficient to show what substances, if any, are being singled out for detection.
16. Records sufficient to show what efforts are being undertaken by Federal, State, or local officials to help residents of the affected community understand the risks currently present to them so they are comfortable making decisions about returning to their homes.
17. Records sufficient to show the specific legal authority EPA is using to respond to the issues involved with the derailment.
18. All records related to the Incident and the Comprehensive Environmental Response, Compensation, and Liability Act.
19. All records relating to the Incident and the National Priorities List.
20. Records sufficient to show the EPA's plans for long-term remediation of the Incident site.
Please limit the search from February 2, 2023, to present."

EPA has received your request for expedited processing.  In your justification, you asserted:

**1.** This provision provides that expedited processing shall be granted where the request concerns a "compelling need," namely: "An urgency to inform the public about an actual or alleged Federal government activity, if the information is requested by a person primarily engaged in disseminating information to the public." This language parallels that of the Department of Defense FOIA regulations, 32 C.F.R. § 286.3(e)(1)(i)(B), which provide that expedited processing shall be granted where "[t]he information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged government activity." Moreover, 32 C.F.R. § 286.8(e)(3) stipulates that, pursuant to section (e)(1)(i)(B), a requester must 1) "establish that the requester is a person whose primary professional activity or occupation is information dissemination, and not an

incidental or secondary activity, though it need not be the requester's sole occupation," and 2) "establish a particular urgency to inform the public about the government activity involved in the request—one that extends beyond the public's right to know about government activity generally." Furthermore, this section notes that "numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic."  First, regarding the requirement that the requester be "a person whose primary professional activity or occupation is information dissemination," courts maintain that it is sufficient for a FOIA request to stipulate that the requester "intend[ed] to disseminate the information obtained," and that its "core mission . . . is to inform public understanding on operations and activities of government." *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017).  Second, courts generally recognize three main factors for determining whether a request demonstrates an urgency to inform the public: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Id*. At 299. These factors must be applied such that the "public's right to know," while important, is not sufficient to satisfy this standard. *Long v. Dep't of Homeland Sec.,* 436 F. Supp. 2d 38, 42 (D.D.C. 2006). Present news reports on the matter of a FOIA request may demonstrate that it concerns a matter of current exigency. *Protect Democracy Project, Inc*. at 299. "Recognized interests" include the protection of free and open debate on issues of vital national importance and the prevention of illegal acts by the government. *Id.* at 300. Additionally, the court in *Am. C.L. Union of N. California v. U.S. Dep't of Def.*, No. C 06-01698 WHA, 2006 WL 1469418, *6 (N.D.Cal. May 25, 2006), held that a story which "conveys information the public wants quickly" or "would lose value if it were delayed" is a "breaking news story" which fulfills the requirement for a "particular urgency to inform the public." The court also held that the "potential impact of the news" and the importance of it to "public policy and public protests" both demonstrate urgency to inform the public. *Id.* at 7. **2.** The facts amply support expedition here. Multiple national media outlets have covered the disaster in East Palestine, Ohio, at length and in detail from the time the disaster occurred up to the present. *See generally* App. A; B. In particular, national media outlets have reported on the health effects suffered by residents of East Palestine and the dangerous nature of the chemicals released by the train derailment. *See* App. A at 3–4, 7–8, 9–11, 12–13, 21–22. Given the potential health effects on the public, this request concerns a matter of the utmost exigency. As evidenced by the reporting of multiple national media outlets, a delayed response in releasing critical information could further endanger the public. The exigency of this matter is further highlighted by letters from U.S. Senator Sherrod Brown to Ohio's Governor, all seventeen members of Ohio's congressional delegation to FEMA, Ohio and Pennsylvania Senators to the Administrator of the EPA, and the House Committee on Energy and Commerce to the Administrator of the EPA concerning the Incident and the Government's response. *See* App. C at 2–3, 4–6, 7–8, 9–10. Failure to grant expedited processing would compromise a "recognized interest" by potentially endangering the people of East Palestine

and hampering a free and open debate on an issue of vital national importance, namely, the debate over the adequacy of the EPA's response. The importance of this discussion is evidenced by the aforementioned letters from the House Committee on Energy and Commerce, U.S. Senators, and Ohio's Congressional Delegation.. *Id*. Furthermore, many of the articles detailing events in East Palestine have highlighted concerns among locals and officials that the EPA's response is inadequate and potentially leaves people in danger. *See* App. B at 4–5, 11–13, 20–21, 22, 37–38, 46, 62–63, 73–76. This ongoing debate surrounding the sufficiency of the EPA's response to the environmental disaster in East Palestine is of the highest national importance given that the health of the community's four thousand residents, and potentially even more people in surrounding areas, could be endangered.  This request is also made by "an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged government activity." Heritage Foundation's mission is to is to formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense. Heritage Foundation uses the information requested and analyzes it in order to educate the public through social media,11 broadcast media12 (traditional and nontraditional) and press releases.13 This is a request by a member of the news media for information of public interest, made in my capacity as an author for the Daily Signal14 (a major news outlet15), I actively gather information of potential interest to our Daily Signal audience, and I use my editorial skills to turn raw materials into a distinct work, and I distribute that work to our Daily Signal audience through podcasts16 or articles. This request concerns a matter of current exigency for the American public, refusal to grant expedited processing would harm one or more recognized interests, and the request undeniably concerns federal government activities given it seeks records relating to the EPA's response to the East Palestine incident. There is an "urgency to inform" the public of any failures or shortcomings in the EPA's response. Expedition is warranted.

Your request for expedited processing must demonstrate there is a "compelling need".  5 U.S.C. § 552(a)(6)(E)(i)(I) (2018); *see also* 40 C.F.R. §2.104(f) (2018).  To determine whether your justification statement supports a finding of a "compelling need", EPA must evaluate your statement as to whether there is either an urgency to inform the public about an actual or alleged Federal government activity by a person primarily engaged in disseminating information to the public, or whether a lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual.

Your justification does not speak to how the release of the records you are requesting listed above in #1-20 are urgently needed to inform the public, and it does not speak to any expectation that lack of expedited treatment would pose an imminent threat to the life or physical safety of an individual.  More specifically, while you referenced news reports regarding the train derailment which took place in East Palestine, Ohio, on February 3, your justification does not show that the records you request in enumerated paragraphs #1-20 are tailored to aspects of that incident that are urgently needed to inform the public about government activity.  For example, your justification does not explain how any, much less all, of the records itemized in enumerated

paragraphs #1-20 would inform the public on what you described as "concerns among locals and officials that the EPA's response is inadequate and potentially leaves people in danger". For these reasons, your request does not contain the information required to support a finding that your request meets either of the expedited processing criteria. Therefore, your request for expedited processing is denied. Your FOIA request will be processed as expeditiously as possible.

You may appeal this determination by email at hq.foia@epa.gov, or by mail to the EPA's National FOIA Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2310A), Washington, DC 20460 or through FOIAonline if you are an account holder. If you are submitting your appeal by hand delivery, courier service, or overnight delivery, you must address your correspondence to 1200 Pennsylvania Avenue, N.W., WJC-N Building, Room 7309C, Washington, DC 20460.

Your appeal must be in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals *received* after the 90-calendar-day limit. Appeals received after 5:00 p.m. EST will be considered received the next business day. The appeal letter should include the FOIA tracking number listed above. For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal."

If you need any further assistance or would like to discuss any aspect of your request, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or call (202) 566-1667. You may also seek assistance from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001; email: ogis@nara.gov; telephone: (202) 741-5770 or (877) 684-6448; or fax: (202) 741-5769. For all media inquiries, please contact press@epa.gov.

Sincerely,

Gail Davis
Government Information Specialist
National FOIA Office